UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANAYENCI VILLA REYES, on behalf of herself,
individually, and all other persons similarly situated,

                     Plaintiff,                                               **COMPLAINT**

      -against-

INTEGRATED MAINTENANCE SOLUTIONS INC.         Jury Trial Demanded
d/b/a MAINTENANCE MANAGEMENT SERVICES
CO., PAUL IACUONE, TERESA IACUONE and
WALTER ARTIBANI,

                    Defendants.
-----------------------------------------------------------------------X

       Plaintiff, Anayenci Villa Reyes, on behalf of herself, individually, and all other persons similarly situated, by and through her counsel, the Romero Law Group PLLC, complaining of the Defendants, Integrated Maintenance Solutions Inc. d/b/a Maintenance Management Services Co. ("IMS"), Paul Iacuone, Teresa Iacuone, and Walter Artibani (collectively as "Defendants"), alleges as follows:

## NATURE OF THE CLAIM

       1.    Plaintiff brings this action to recover damages for discrimination based on Plaintiff's disabilities, failure to accommodate Plaintiff based on her disabilities, and for retaliation for engaging in protected activity under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act (collectively as the "ADA") and the New York State Human Rights Law, New York Executive Law § 290 *et seq.* ("NYSHRL"), and against Defendant Walter Artibani for violation of the NYSHRL as an aider and abettor of Defendant IMS's unlawful conduct, and any other claim(s) that can be inferred from the facts set forth herein.

2.     Plaintiff bring this action against Defendants IMS, Paul Iacuone, and Teresa Iacuone, on behalf of herself, individually, and all other persons similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYLL"), for violations of the prompt payment requirement of the FLSA and failure to issue timely payment of wages pursuant to NYLL §§ 191, 198.  Plaintiff brings her First and Second Claims for Relief under the FLSA, 29 U.S.C. § 216(b) and NYLL §§ 191, 198, respectively, for liquidated damages and interest, arising from Defendants IMS's, Paul Iacuone's, and Teresa Iacuone's violations of the FLSA and NYLL § 191, and any other claim(s) that can be inferred from the facts set forth herein.

3.     Plaintiff brings her FLSA claims against Defendants IMS, Paul Iacuone, and Teresa Iacuone, pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other similarly-situated persons during the applicable FLSA limitations period who suffered damages as a result of these Defendants' willful violations of the FLSA.  Plaintiff brings claim under NYLL § 191 on behalf of herself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

4.     Plaintiff also brings this action against Defendants IMS, Paul Iacuone, and Teresa Iacuone, on behalf of herself, individually, and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to recover statutory damages for failure to timely pay wages in violation of NYLL § 191.  Plaintiff seeks injunctive and declaratory relief, liquidated damages, attorneys' fees and costs of this action and other appropriate relief pursuant to New York Labor Law §§ 191, 198.

5.     Managers and others with executive positions, who are paid fixed salaries, are not members of the class that Plaintiff seeks to represent in this action.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

8.     Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination, failure to accommodate, and retaliation claims in violation of the ADA under Charge Number: 520-2024-00035.  Plaintiff commenced this action within ninety days of the EEOC issuing its Notice of Right to Sue.

## THE PARTIES

9.     At all times relevant, Plaintiff Anayenci Villa Reyes ("Villa") is and was a resident of the County of Westchester, State of New York.

10.     At all times relevant, Plaintiff Villa was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2), and a "manual worker" within the meaning of NYLL § 190(4)

11.     At all times relevant, Plaintiff Villa was a person and employee, and a qualified individual with a disability, within the meaning of the ADA and NYSHRL.

12.     At all times relevant, Defendant Integrated Maintenance Solutions Inc. d/b/a Maintenance Management Services Co. (hereinafter as "IMS") is and was a domestic business

corporation with a principal place of business located at 1 Fallsview Lane, Brewster, New York 10509.

13.     At all times relevant herein, Defendant IMS employed more than 80 – and therefore – more than 15 – employees.

14.     At all times relevant, Defendant IMS was and is an "employer" within the meaning of the ADA and NYSHRL.

15.     At all relevant times, Defendant IMS was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of cleaning machinery, tools, mops, brooms, cleaning supplies, office supplies, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payments and other moneys that originated from out of New York State.

16.     At all times relevant, Defendant IMS was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

17.     At all relevant times, Defendant Paul Iacuone is and was an owner, officer and President of the corporate defendant, and was active in the day to day management of Defendant IMS, including being responsible for the payment of wages to Plaintiff and the corporate defendant's employees and determining what wages were paid to Plaintiff and the corporate defendant's employees, determining the corporate defendant's company-wide payroll and personnel policies, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment and the corporate defendant's other employees' employment,

and is liable to Plaintiff and the corporate defendant's other employees as an "employer" within the meaning of the FLSA and NYLL.

18.     At all relevant times, Defendant Teresa ("Terri") Iacuone is and was an officer and Chief Operating Officer of the corporate defendant, and was active in the day to day management of Defendant IMS, including being responsible for the payment of wages to Plaintiff and the corporate defendant's employees and determining what wages were paid to Plaintiff and the corporate defendant's employees, determining the corporate defendant's company-wide payroll and personnel policies, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment and the corporate defendant's other employees' employment, and is liable to Plaintiff and the corporate defendant's other employees as an "employer" within the meaning of the FLSA and NYLL.

19.     At all times relevant, Defendant Walter Artibani is and was an "aider and abettor" within the meaning of the NYSHRL.  Defendant Artibani participated in the discriminatory and retaliatory conduct described herein.

**FACTS**

20.     Defendants IMS, Paul Iacuone and Teresa Iacuone (collectively as "IMS/Iacuone Defendants") operate a business that provides a variety of cleaning, janitorial and maintenance services primarily to commercial clients in New York, New Jersey and Connecticut.

21.     IMS/Iacuone Defendants operate this business from Defendant IMS's principal place of business located at 1 Fallsview Lane, Brewster, New York 10509.

**Violations of the FLSA and NYLL**
**(Against Defendants IMS, Paul Iacuone and Teresa Iacuone)**

22.    The IMS/Iacuone Defendants employed Plaintiff as a cleaner and janitor from in or about July 2022 until her termination on or about November 23, 2022.

23.    Throughout her employment, the IMS/Iacuone Defendants assigned Plaintiff to perform her duties at their client's location in Dobbs Ferry, New York.

24.    Throughout their employment and the six years preceding the filing of this Complaint, the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members were responsible for cleaning one or more facilities throughout their workday.

25.    To complete these duties, throughout their employment and the six years preceding the filing of this Complaint, the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members were required to perform a litany of maintenance tasks and cleaning tasks throughout their workday, including, but not limited to, mopping, sweeping, wiping, washing, scrubbing, and other cleaning tasks, utilizing cleaning implements and cleaning tools, operating cleaning machinery, picking up and carrying cleaning and other supplies, ascending and descending stairs, removing garbage, and other physical tasks necessary to complete their cleaning tasks.

26.    Throughout their employment and the six years preceding the filing of this Complaint, the Plaintiff's, FLSA Collective Action Plaintiffs', and Class Members' duties required them to perform many physical and manual tasks throughout their workday, including, but not limited to, prolonged periods of standing, walking, climbing, bending, lifting, carrying, climbing, wiping, reaching, and using cleaning implements, tools and machinery.

27.    Throughout their employment and the six years preceding the filing of this Complaint, the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members performed physical – and therefore manual – tasks during nearly all of their hours worked.

28.     As such, throughout their employment and the six years preceding the filing of this Complaint, more than twenty-five percent of the Plaintiff's, FLSA Collective Action Plaintiffs', and Class Members' hours worked each week were spent performing physical – and therefore manual – tasks.

29.     Throughout their employment and the six years preceding the filing of this Complaint, the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members were "manual workers" within the meaning of NYLL § 190(4).

30.     Throughout their employment and the six years preceding the filing of this Complaint, the IMS/Iacuone Defendants delayed the payment of the Plaintiff's, FLSA Collective Action Plaintiffs', and Class Members' earned wages by failing to pay them their wages until between 11 to 12 days – and nearly always delayed payment until 12 days – after their wages were earned, in violation of the FLSA and NYLL.

31.     Throughout their employment and the six years preceding the filing of this Complaint, IMS/Iacuone Defendants failed to promptly pay the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members their wages and instead paid them biweekly pursuant to their company-wide payroll policy.  The IMS/Iacuone Defendants biweekly payment policy violated the prompt payment requirement of the FLSA.

32.     Throughout their employment and the six years preceding the filing of this Complaint, the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members were entitled to payment of their wages earned on a weekly basis and within seven calendar days after the end of the workweek in which the wages were earned, in accordance with NYLL § 191(1)(a).

33.     Throughout their employment and the six years preceding the filing of this Complaint, the IMS/Iacuone Defendants failed to pay the Plaintiff, FLSA Collective Action

Plaintiffs, and Class Members their wages weekly and within seven calendar days after the end of the workweek, in accordance with NYLL § 191(1)(a). Instead, the IMS/Iacuone Defendants paid the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members their wages every two weeks in violation of NYLL § 191(1)(a).

34.     Every time that the IMS/Iacuone Defendants failed to pay the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members their wages earned weekly and within seven days of the end of the workweek, the IMS/Iacuone Defendants deprived them of the use of money to which they were legally entitled.

35.     As a result of the IMS/Iacuone Defendants' failure to timely pay their wages, the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members lost the time value of money.

36.     The Plaintiff, FLSA Collective Action Plaintiffs, and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed and they are temporarily deprived of their earned wages.

37.     Each time the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members received late compensation for the work that they performed, the IMS/Iacuone Defendants underpaid them for the work they performed.

38.     Every time that the IMS/Iacuone Defendants failed to pay the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members their wages earned weekly and within seven days of the end of their workweeks, the IMS/Iacuone Defendants deprived them of the use of money that belonged to them. As a result, the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members were unable to do those things that every person does with their money, such as paying bills or buying goods that they needed or wanted to buy.

39. By way of example, these delayed wages prevented the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members from spending money earned on a host of everyday expenses and to provide for their basic needs including, but not limited to, purchasing food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education tuition and expenses, daycare or childcare, public transportation, and other basic living expenses.

40. Additionally, IMS/Iacuone Defendants' delayed payment of wages forced the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members to forgo purchasing goods and services until a later time after their receipt of their late paid wages. Because of inflation, being an ever increasing scourge throughout the Covid-19 pandemic and during recent events, the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members were required to pay increased prices for the goods and services that they otherwise would have purchased at an earlier date were their wages lawfully paid on a weekly basis.

41. By retaining these wages earned beyond the timeframes set by NYLL § 191, the IMS/Iacuone Defendants benefitted from the time value of money and their free use of such funds, at the expense of the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members. For example, during the interval of these delayed wage payments, the IMS/Iacuone Defendants were free to utilize those funds to purchase goods and services, purchase raw materials to manufacture their products, pay rent or mortgages on their facilities, pay installment payments and purchase fuel for their company-owned vehicles and equipment, pay for marketing and other business expenses, and accrue interest on those funds in their business accounts.

42.    Throughout their employment and the six years preceding the filing of this Complaint, the IMS/Iacuone Defendants' failure to timely pay wages earned caused the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members to suffer the same or similar harms.

43.    Throughout their employment and the six years preceding the filing of this Complaint, the IMS/Iacuone Defendants treated and paid the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members in the same or similar manner pursuant to Defendant's corporate-wide payroll and employment practices.

<u>Unlawful Discrimination and Retaliation</u><br><u>(Against Defendants IMS and Walter Artibani)</u>

44.    Throughout her employment, Plaintiff performed her duties in an exemplary manner, was qualified for her job, including having relevant prior work experience, and did not suffer any criticism for her job performance.

45.    In or about early November 2022, Plaintiff severely injured her arm and shoulder while operating cleaning machinery at work.  This injury led to serious medical conditions, diagnosed as, *inter alia*, traumatic arthropathy, tendonitis and shoulder impingement syndrome in her right shoulder, which constitute disabilities under the ADA and NYSHRL.

46.    Those injuries and disabilities required Plaintiff to attend numerous medical appointments and undergo medical testing and extensive medical treatment, as well causing Plaintiff to suffer ongoing pain that continues to this day.

47.    For example, following these injuries, Plaintiff has been required to undergo several X-ray examinations, a magnetic resonance imaging examination, and received multiple medical injections to treat the pain and inflammation caused by her disabilities.

48.    Beginning soon after these injuries, Plaintiff was required to undergo physical therapy treatments during two to three days per week, which continue to this day.

49.    In or about early November 2022, promptly after suffering her injuries, Plaintiff informed Defendants IMS and Walter Artibani regarding her injuries and medical treatment.

50.    Due to these injuries, in or about November 2022, Plaintiff exercised her right to medical leave as an accommodation by taking two days off from work in order to receive treatment for and recuperate from her injuries, as an accommodation for her disabilities and constituting protected activity under the ADA and NYSHRL.

51.    On November 23, 2022, Defendant IMS, through Plaintiff's supervisor, Defendant Artibani, summarily and callously terminated Plaintiff's employment, in violation of the ADA and NYSHRL.

52.    On that same date, Plaintiff objected that Defendants IMS's and Artibani's termination of her employment was discriminatory and inhumane, and that Plaintiff's termination should be rescinded.

53.    Despite these objections, Defendants IMS and Artibani did not take any remedial action and did not rescind Plaintiff's termination or reinstate Plaintiff's employment.

54.    However, later that same day, Plaintiff's supervisor, Defendant Artibani, contacted Plaintiff to explain the basis for her termination.

55.    During that conversation, later that same day, Defendant Artibani indicated that Plaintiff's performance of her duties was excellent and that Plaintiff's termination was not based on her employment performance.

56.    Rather, during this same conversation, Defendant Artibani stated that he decided to terminate Plaintiff's employment, on behalf of Defendant IMS, because Plaintiff missed two days of work due to her injuries and medical treatment for her disabilities.

57.    Indeed, prior to Plaintiff's termination, Defendants IMS and Artibani never disciplined Plaintiff in any manner, never criticized her performance, and never counseled her regarding her performance.

58.    Throughout her employment, and continuing to this day, Plaintiff has been and remains ready, willing, and able to perform her job duties with or without accommodation.

59.    Prior to her termination, Defendants IMS and Artibani did not engage in any discussion as an interactive process to explore any potential reasonable accommodations, including leave in the form of intermittent leave on an as needed basis for medical treatment, to accommodate her disabilities, despite Defendants IMS and Artibani being aware of Plaintiff's need for such an accommodation.

60.    As is clear, Defendants IMS and Artibani instead terminated Plaintiff's employment nearly immediately after Plaintiff began suffering from her disabilities and first exercised Plaintiff's right to medical leave on an as needed basis to accommodate her disabilities.

61.    Based on the foregoing, Defendants IMS and Artibani discriminated against Plaintiff based on her disabilities and failed to reasonably accommodate her disabilities, in violation of the ADA and NYSHRL.

62.    Based on the foregoing, Defendants IMS and Artibani retaliated against Plaintiff based on her engaging in protected activity, including, *inter alia*, exercising Plaintiff's right to a reasonable accommodation of her disabilities in the form of medical leave, in violation of the ADA and NYSHRL.

## COLLECTIVE ACTION ALLEGATIONS

63.    Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have

been subject to the IMS/Iacuone Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to timely pay them their wages earned in accordance the prompt payment requirements of the FLSA.

64.    Upon information and belief, there are other current and former employees who are similarly situated to the Plaintiff, who have been untimely paid their earned wages in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the IMS/Iacuone Defendants' current and former employees' interests as well as her own interest in bringing this action.

65.    The Plaintiff and FLSA Collective Action Plaintiffs were paid biweekly.  The IMS/Iacuone Defendants applied their company-wide biweekly payment policy to the Plaintiff and FLSA Collective Action Plaintiffs uniformly.  The Plaintiff and FLSA Collective Action Plaintiffs were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed.  The Plaintiff and FLSA Collective Action Plaintiffs were uniformly deprived of the ability to use their earned wages – money to which they were legally entitled – during periods in which the payment of their wages was illegally delayed.  The Plaintiff and FLSA Collective Action Plaintiffs lost the time value of their earned wages.

66.    Plaintiff seeks to proceed as a Collective Action with regard to her First Claim for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of herself, individually, and all current and former employees of the IMS/Iacuone Defendants who work and/or worked for the IMS/Iacuone Defendants in the State of New York as an hourly-paid cleaner, janitor, or laborer, and/or any other similarly situated individuals, regardless of job title, at any time during the three years prior to the filing of their respective consent forms (hereinafter referred to as the "FLSA Collective Action Plaintiffs").

67.    Other persons similarly situated to Plaintiff who are currently or were formerly employed by the IMS/Iacuone Defendants should have the opportunity to have their claims for violations of the FLSA heard.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff who have been unlawfully deprived of timely paid wages under the prompt payment requirements of the FLSA will be unable to secure damages to which they are entitled and which has been unlawfully withheld from them by the IMS/Iacuone Defendants.

68.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the IMS/Iacuone Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK LABOR LAW

69.    Plaintiff brings her Second Claim for Relief on behalf of herself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all current and former employees of the IMS/Iacuone Defendants who work and/or worked for the IMS/Iacuone Defendants in the State of New York as an hourly-paid cleaner, janitor, or laborer, and/or any other similarly situated individuals, regardless of job title, at any time during the six years prior to the filing of this Complaint until the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

70.    The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of the IMS/Iacuone Defendants.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable

from the IMS/Iacuone Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the IMS/Iacuone Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

71.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of the IMS/Iacuone Defendants, upon information and belief, there are more than forty individuals who are currently, or have been, employed by the IMS/Iacuone Defendants in hourly-paid positions covered by the Class during the six (6) years prior to the filing of the Complaint.

72.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether the IMS/Iacuone Defendants paid Plaintiff and Class Members on a biweekly basis in violation of NYLL § 191, and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

73.     Plaintiff's claims are typical of the claims of the Class that she seeks to represent. The IMS/Iacuone Defendants failed to pay Plaintiff and the Class Members "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by NYLL § 191.  Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

74.    The IMS/Iacuone Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

75.    Plaintiff's claims are typical of those of the Class.  Plaintiff and the Class were all subjected to the IMS/Iacuone Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay timely wages.

76.    Plaintiff's job duties and manner of payment are typical of those of the Class. Plaintiff and the Class spent more than twenty-five percent of their working time performing physical – and therefore manual – tasks.

77.    Throughout the statutory period, Plaintiff and the Class were paid every other week (i.e. biweekly).

78.    Throughout the statutory period, the IMS/Iacuone Defendants applied their biweekly payment policy to the Class uniformly as part of their corporate-wide pay policies and practices.

79.    Plaintiff and the Class were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed.

80.    Plaintiff and the Class were uniformly deprived of the ability to use their earned wages – money to which they were legally entitled – during periods in which payment was illegally delayed.

81.    Plaintiff and the Class lost the time value of their earned wages.  The IMS/Iacuone Defendants, however, benefited from the delayed payments.  That is, among other things, the IMS/Iacuone Defendants reduced their administrative costs by paying less frequently than required and could use the extra money they were holding onto as they pleased until payroll was issued.

82.     All the Class Members were subject to the same corporate practices of the IMS/Iacuone Defendants.  The IMS/Iacuone Defendants' corporate-wide policies and practices affected all Class Members similarly, and the IMS/Iacuone Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Additionally, the IMS/Iacuone Defendants' violations of NYLL § 191 by failing to timely pay wages earned caused Plaintiff and other Class Members to suffer the same or similar harms.  Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

83.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

84.     Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

85.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

86.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources.  However, treating the claims as a class action would result in a significant savings of these costs.  The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications and judgments with respect to the individual Class

members, establishing incompatible standards of conduct for the IMS/Iacuone Defendants. Moreover, the issues in this action can be decided by means of common, class-wide proof.

87.    The members of the Class have been damaged and are entitled to recovery as a result of IMS/Iacuone Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

88.    Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### (PROMPT PAYMENT VIOLATION – FLSA)
### (AGAINST IMS/IACUONE DEFENDANTS)

89.    Plaintiff and Class Members repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

90.    Plaintiff and members of the FLSA Collective Action Plaintiffs are current and former employees entitled to prompt payment of their statutorily required wages. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

91.    Under the FLSA, late-paid wages are a form of unpaid wages.

92.    The IMS/Iacuone Defendants withheld Plaintiff's and the FLSA Collective Action Plaintiffs' federally mandated and already earned wages for between 11 and 12 days – and nearly always for 12 days – after the workweek when the wages were earned.

93.     Based on the foregoing, the IMS/Iacuone Defendants unreasonably withheld Plaintiff's and the FLSA Collective Action Plaintiffs' federally mandated wages after the conclusion of their workweeks.

94.     This delay was pursuant to the IMS/Iacuone Defendants' company-wide payroll policy and practice of paying their employees on a biweekly basis.

95.     Such a delay is inherently unreasonable, as the IMS/Iacuone Defendants were required by New York law to pay Plaintiff and the FLSA Collective Action Plaintiffs within seven days after the end of their workweek.

96.     Each time that the IMS/Iacuone Defendants failed to promptly pay Plaintiff and the FLSA Collective Action Plaintiffs their wages, the IMS/Iacuone Defendants deprived them of the use of money to which they were legally entitled.

97.     The IMS/Iacuone Defendants failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Action Plaintiffs.

98.     Because the IMS/Iacuone Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

99.     As a consequence of the willful delay of wages, alleged above, Plaintiff and the FLSA Collective Action Plaintiffs incurred damages and seek to recover liquidated damages, interest, attorneys' fees, and costs in an amount to be determined at trial.

<strong><u>SECOND CLAIM FOR RELIEF<br>NYLL FAILURE TO PAY TIMELY WAGES<br>(AGAINST IMS/IACUONE DEFENDANTS)</u></strong>

100.     Plaintiff, FLSA Collective Action Plaintiffs, and Class Members repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

101.    The Plaintiff, FLSA Collective Action Plaintiffs, and Class Members are manual workers as defined by NYLL § 190(4).

102.    The IMS/Iacuone Defendants were required to pay the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members on a weekly basis, and not later than seven days after the end of the workweek in which the wages were earned.

103.    The IMS/Iacuone Defendants failed to pay the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members on a weekly basis and instead paid the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members their wages biweekly in violation of NYLL § 191.

104.    Each time that the IMS/Iacuone Defendants failed to pay Plaintiff, FLSA Collective Action Plaintiffs, and Class Members their wages earned weekly and within seven days of the end of the workweek, the IMS/Iacuone Defendants deprived them of the use of money to which they were legally entitled.

105.    The IMS/Iacuone Defendants' violations of the NYLL have been willful and intentional.

106.    As a result of the IMS/Iacuone Defendants' failure to timely pay their wages, Plaintiff, FLSA Collective Action Plaintiffs, and Class Members lost the time value of money.

107.    Based on the foregoing, Plaintiff, FLSA Collective Action Plaintiffs, and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

### THIRD CLAIM FOR RELIEF
### (DISCRIMINATION – ADA)
### (AGAINST DEFENDANT IMS)

108.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

109.    Defendants were aware of Plaintiff's disabilities and/or perceived disabilities.

110.    Based on the foregoing, Defendant IMS discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disabilities and/or perceived disabilities, in violation of the ADA.

111.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

112.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, out of pocket costs, and other incidental and consequential damages, in an amount to be determined at trial.

113.    As a proximate result of the discrimination described herein, Plaintiff is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

114.    Defendant IMS discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages.

**FOURTH CLAIM FOR RELIEF**
**(FAILURE TO ACCOMMODATE DISABILITY – ADA)**
**(AGAINST DEFENDANT IMS)**

115.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

116.    Defendants were aware of Plaintiff's disabilities.

117.    Based on the foregoing, Defendant IMS discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disabilities by failing to reasonably accommodate her disabilities, which would have allowed the Plaintiff to perform the essential

functions of her job, despite Defendant IMS's knowledge of Plaintiff's disabilities, in violation of the ADA.

118.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

119.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, out of pocket costs, and other incidental and consequential damages, in an amount to be determined at trial.

120.    As a proximate result of the discrimination described herein, Plaintiff is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

121.    Defendant IMS discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages.

**FIFTH CLAIM FOR RELIEF**
**(RETALIATION – ADA)**
**(AGAINST DEFENDANT IMS)**

122.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

123.    Based on the foregoing, Defendant IMS retaliated against Plaintiff because of her protected activity, in violation of the ADA.

124.    As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

125.    As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

126.    As a proximate result of the retaliation described herein, Plaintiff is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

127.    Defendant IMS retaliated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages under the ADA.

## SIXTH CLAIM FOR RELIEF
## (DISCRIMINATION – NYSHRL)
## (AGAINST DEFENDANT IMS)

128.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

129.    Based on the foregoing, Defendant IMS discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disabilities and/or perceived disabilities, in violation of the NYSHRL.

130.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

131.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, out of pocket costs, and other incidental and consequential damages, in an amount to be determined at trial.

132.    As a proximate result of the discrimination described herein, Plaintiff is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

133.    Defendant IMS discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages under the NYSHRL.

**SEVENTH CLAIM FOR RELIEF**
**(FAILURE TO ACCOMMODATE DISABILITY –NYSHRL)**
**(AGAINST DEFENDANT IMS)**

134.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

135.    Defendants were aware of Plaintiff's disabilities and need for reasonable accommodation.

136.    Based on the foregoing, Defendant IMS discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disabilities by failing to reasonably accommodate her disabilities, which would have allowed the Plaintiff to perform the essential functions of her job, despite Defendant IMS's knowledge of Plaintiff's disabilities, in violation of the NYSHRL.

137.    Based on the foregoing, Defendant IMS discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability, in violation of the NYSHRL.

138.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

139.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, out of pocket costs, and other incidental and consequential damages, in an amount to be determined at trial.

140.    As a proximate result of the discrimination described herein, Plaintiff is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

141.    Defendant IMS discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages under the NYSHRL.

## EIGHTH CLAIM FOR RELIEF
## (RETALIATION – NYSHRL)
## (AGAINST DEFENDANT IMS)

142.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

143.    Based on the foregoing, Defendant IMS retaliated against Plaintiff because of she engaged in protected activity, in violation of the NYSHRL.

144.    As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

145.    As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, out of pocket costs, and other incidental and consequential damages, in an amount to be determined at trial.

146.    As a proximate result of the retaliation described herein, Plaintiff is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

147.    Defendant IMS retaliated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages under the NYSHRL.

## NINTH CLAIM FOR RELIEF
## (AIDING AND ABETTING – NYSHRL)
## (AGAINST DEFENDANT WALTER ARTIBANI)

148.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

149.    Based on the foregoing, Defendant Artibani aided and abetted Defendant IMS's discrimination and retaliation against Plaintiff in the terms and conditions of her employment by actually participating in and aiding and abetting Defendant IMS's discrimination against Plaintiff

based on her disabilities, IMS's failure to accommodate Plaintiff's disabilities, and IMS's acts of retaliation, in violation of the NYSHRL.

150.    As a result of Defendant Artibani's unlawful conduct, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits that Plaintiff would otherwise have received.

151.    As a result of Defendants Artibani's unlawful conduct, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, out of pocket costs, and other incidental and consequential damages, in an amount to be determined at trial.

152.    As a result of Defendant Artibani's unlawful conduct Plaintiff is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

153.    Defendant Artibani violated the NYSHRL against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages under the NYSHRL.

## DEMAND FOR JURY TRIAL

154.    The Plaintiff, FLSA Collective Action Members, and Class Members demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Collective Action Members, and Class Members pray for the following relief:

i.      An order restraining Defendants from any retaliation against Plaintiff, FLSA Collective Action Members, and Class Members for participation in any form in this litigation;

ii.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, NYLL, ADA, and NYSHRL;

iii.    Designation of this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv.     Certification of a class action pursuant to Fed. R. Civ. P. 23;

v.      Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

vi.     Awarding liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

vii.    Awarding liquidated damages for violations of NYLL §§ 191, 198;

viii.   Awarding damages for, *inter alia*, compensatory damages for back pay, front pay, all benefits to which Plaintiff would have been entitled to receive but for Defendant's unlawful conduct, damages for emotional distress, pain and suffering, out of pocket expenses, and other incidental and consequential damages, and all other damages owed to Plaintiff;

ix.     Punitive damages as permitted by law;

x.      Pre- and post-judgment interest as permitted by law;

xi.     All attorneys' fees incurred in prosecuting these claims;

xii.    All costs incurred in prosecuting these claims; and

xiii.    Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
September 11, 2024

ROMERO LAW GROUP PLLC
*Attorneys for Plaintiff*
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: _____
DAVID D. BARNHORN, ESQ.
PETER A. ROMERO, ESQ.